UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALFONZO HICKS,

                    Plaintiff,

v.                                        **DECISION AND ORDER**
                                                              03-CV-141S

STEVE FAERICHS, ET AL.,

                    Defendants.

## I.  INTRODUCTION

Plaintiff commenced this action under 42 U.S.C. § 1983 on February 21, 2003, by filing a Complaint in the United States District Court for the Western District of New York. Presently before this Court is a Motion to Dismiss filed by the remaining defendants in this case on April 22, 2005.  Defendants bring their motion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  For the reasons stated below, Defendants' motion is granted and this case is dismissed with prejudice.

## II.  BACKGROUND

Along with filing his Complaint in this action on February 21, 2003, Plaintiff moved to proceed *in forma pauperis*.  On May 29, 2003, this Court granted Plaintiff's motion and directed him to file an Amended Complaint.  Plaintiff filed his Amended Complaint on July 1, 2003.  Defendants filed their Answer on February 17, 2004.

On February 19, 2004, this Court referred this case to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, for all pretrial matters and for hearing and disposition of all non-dispositive motions.  Judge Schroeder scheduled a Preliminary Pretrial Conference for April 1, 2004.  It appears from the docket that the Preliminary Pretrial Conference was adjourned several times before being rescheduled for June 17,

2004.  Plaintiff failed to appear at the June 17, 2004 conference.

By Order dated June 17, 2004, Judge Schroeder rescheduled the Preliminary Pretrial Conference for July 13, 2004.  Plaintiff appeared at that conference and a Case Management Order was issued by Judge Schroeder.  Thereafter, in August and September of 2004, Plaintiff filed a flurry of motions, including a Motion to Reschedule a settlement conference that Judge Schroeder had ordered.  Judge Schroeder rescheduled the settlement conference for October 22, 2004.  Plaintiff failed to appear at the settlement conference.

On October 22, 2004, Judge Schroeder issued an Order rescheduling the settlement conference for November 4, 2004, and warning Plaintiff that is failure to appear at the conference could result in the dismissal of his case.  Plaintiff again failed to appear.

On January 21, 2005, Judge Schroeder issued an Order scheduling a status conference for January 31, 2005, and again warned Plaintiff that his failure to appear could lead to dismissal of his case.  At Plaintiff's request, the status conference was rescheduled for February 10, 2005.  Plaintiff failed to appear in a timely fashion for that conference, having arrived 45 minutes late and after Defendants' counsel had departed the courthouse.

On February 10, 2005, Judge Schroeder issued an Order rescheduling the status conference for March 3, 2005.  At that conference, Judge Schroeder denied Plaintiff's outstanding motions and scheduled an additional status conference for April 22, 2005. Plaintiff failed to appear for the April 22, 2005 status conference.  In light of Plaintiff's failure to appear and his history of failing to appear when ordered to do so, Judge Schroeder suggested that Defendants file a Motion to Dismiss with this Court.

On April 22, 2005, Defendants filed the instant Joint Motion to Dismiss for Failure

to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On May 20, 2005, this Court filed a scheduling order directing Plaintiff to file a response to Defendants' Motion to Dismiss on or before June 20, 2005. This Court further warned Plaintiff that Defendants' motion could be granted as uncontested or his case dismissed for failure to prosecute if he did not file a response as directed. Plaintiff did not filed a response to Defendants' motion.

On November 30, 2005, this Court *sua sponte* issued a scheduling order providing Plaintiff another opportunity to contest Defendant's motion by December 23, 2005, and again warned Plaintiff that his failure to respond could result in the granting of Defendant's motion as uncontested or in dismissal of this case for failure to prosecute. Plaintiff again failed to respond.

### III.  DISCUSSION

**A.  Dismissal under Rule 41(b) For Failure to Prosecute**

This Court finds that dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Rule 41(b) does not define what constitutes failure to prosecute. However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action

lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). Dismissal pursuant to Rule 41(b) falls within the court's discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should only be granted "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

      The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff has failed in two ways. First, as noted above, Plaintiff failed to respond to Defendants' Motion to Dismiss, despite twice being directed by this Court to do so. Second, and more significant, Plaintiff repeatedly failed to appear before Judge Schroeder when directed to do so. He failed to appear for a Preliminary Pretrial Conference on June 17, 2004, failed to appear for two settlement conferences on October 22 and November 4, 2004, appeared late and after the conference on February 10, 2005, and failed to appear for a status conference on April 22, 2005. In all, Plaintiff failed to appear for five conferences before Judge Schroeder. Clearly, the failures described above are attributable to Plaintiff alone.

With respect to the second inquiry, which concerns the duration of Plaintiff's failures, it is noted that Plaintiff's intermittent failures to appear and his failure to file a response to the present motion have caused unnecessary delay of approximately eighteen months in this litigation. This is a failure of significant duration. Cf. Chira, 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute); Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. In this Court's view, all delay in this case is attributable to Plaintiff and is of significant duration.

### 2. Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). In the present case, there can be no question that Plaintiff had adequate notice. First, Plaintiff was repeatedly warned by Judge Schroeder that his failure to appear at scheduled conferences could result in the dismissal of his case. Second, this Court twice warned Plaintiff that his failure to respond to Defendants' Motion to Dismiss could result in the granting of the motion as uncontested or in the dismissal of the case for failure to prosecute. Because Plaintiff was repeatedly put on notice that his case could be dismissed due to his continued inaction, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the

prejudice to Defendants in this case may be presumed.  Thus, this factor weighs in favor of dismissal.

### 4.  Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case.  See Norden Sys., 375 F.3d at 257.  In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'"  Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)).  Plaintiff's failure to comply with Judge Schroeder's Orders to appear certainly resulted in a waste of Judge Schroeder's calendar time.  In addition, Plaintiff's inaction has caused both Judge Schroeder and this Court to prepare and file numerous scheduling orders.  While Plaintiff's inaction has caused the needless expenditure of judicial resources, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court notes, however, that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the Orders of this Court.  Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process.  See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims).  Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiff has no intention of complying with this Court's Orders or properly litigating this case. Plaintiff has repeatedly ignored court orders by failing to appear and failing to file submissions as directed. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

### IV. CONCLUSION

Mindful of the fact that *pro se* cases should not easily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action, and has failed to comply with orders of this Court. As such, because each of the factors relevant to the Rule 41(b) analysis favors dismissal, this Court will dismiss this case with prejudice.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Joint Motion to Dismiss (Docket No. 53) is GRANTED.

FURTHER, that this case is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:    January 25, 2006
          Buffalo, New York

                                                              /s/William M. Skretny
                                                          WILLIAM M. SKRETNY
                                            United States District Judge